IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERMAIN KING,

    Plaintiff,

    v.

SHERIFF OF SCHUYLER COUNTY DON L.
SCHIEFERRDECKER, DEPUTY SHERIFF
KONOSKI, UNKNOWN SHERIFF
DEPUTIES, the COUNTY OF SCHUYLER,
STA IV JOE DORSEY, STA II JACOBSON,
STA IV GALLAGER, STA IV KUNKEL,
STA II JESLIS, STA II CLAIRMONT, STA
IV HAYS, PSA JOE HANKINS, DAVID
KURFMAN, SPSA MC ADERY, SPSA
SANDERS,  PSA J. VOLK, INTERNAL
AFFAIRS STAFF MR. CLAYTON, STA IV
WILLIAMS, STA IV SCOTT, STA
HOWARD, FACILITY DIRECTOR LARRY
PHILLIPS, FACILITY DIRECTOR BRIAN
THOMAS, FACILITY DIRECTOR THOMAS
MONAHAN, DIRECTOR DR. FREEMAN,
UNKNOWN ILLINOIS DEPARTMENT OF
HUMAN SERVICES OFFICERS, and the
ILLINOIS DEPARTMENT OF HUMAN
SERVICES,

    Defendants.

No.    FILED: JULY 25, 2008
    08CV4250
    JUDGE DER-YEGHIAYAN
    MAGISTRATE JUDGE DENLOW

    CEM

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC.,

and pursuant to this Complaint at Law, states the following against the above named Defendants,

to wit  SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER, DEPUTY

SHERIFF  KONOSKI, UNKNOWN SHERIFF'S DEPUTIES, (Hereinafter the "SCHUYLER

COUNTY DEFENDANT OFFICERS") the COUNTY OF SCHUYLER; STA IV JOE

DORSEY, STA II JACOBSON, STA IV GALLAGER, STA IV KUNKEL,  STA II JESLIS,

STA II CLAIRMONT, STA IV HAYS, PSA JOE HANKINS, DAVID KURFMAN, SPSA MC

ADERY, SPSA SANDERS,  PSA J. VOLK, INTERNAL AFFAIRS STAFF MR. CLAYTON,

STA IV WILLIAMS, STA IV SCOTT, STA HOWARD, FACILITY DIRECTOR LARRY

PHILLIPS, FACILITY DIRECTOR BRIAN THOMAS, FACILITY DIRECTOR THOMAS

MONAHAN, DIRECTOR DR. FREEMAN, UNKNOWN ILLINOIS DEPARTMENT OF

HUMAN SERVICES OFFICERS, (Hereinafter the "IDHS DEFENDANT OFFICERS"), and the

ILLINOIS DEPARTMENT OF HUMAN SERVICES.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); 42 U.S.C. §2000e-5 and §2000e(b), and

28 U.S.C. §1367, Title VII of the Civil Rights Act of 1964, as amended 1991 Act, 1981a(a)(1),

(b)(1), 1977A(a)(1)(b)(1)(c); the Constitution of the United States; and this Court's

supplementary jurisdiction powers.

2.      PLAINTIFF has filed a complaint with the United States Equal Employment Opportunity

Commission (EEOC) with respect to the allegations of the complaint (Charge No. 440-2008-

01809).  The EEOC terminated its processing of this charge. The EEOC issued a "NOTICE OF

RIGHT TO SUE" on April 25, 2008, which was received by PLAINTIFF on May 5, 2008.

## PARTIES

3.      PLAINTIFF is a resident and of the State of Illinois and citizen of the United States.

4.      The SCHUYLER COUNTY DEFENDANT OFFICERS were at all times relevant hereto

employed by and acting on behalf of the COUNTY OF SCHUYLER and SHERIFF OF

SCHUYLER COUNTY DON L. SCHIEFERRDECKER.

2

5.      SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER is the Sheriff of SCHUYLER COUNTY.

6.      The COUNTY OF SCHUYLER is a duly incorporated municipal corporation and is the employer and principal of the SCHUYLER COUNTY DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this Complaint, the SCHUYLER DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF SCHUYLER.

7.      The ILLINOIS DEPARTMENT OF HUMAN SERVICES is an appointed agency of the State of Illinois and is the employer and principal of the IDHS DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this Complaint, the IDHS DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the ILLINOIS DEPARTMENT OF HUMAN SERVICES.

8.      At all times relevant to this litigation, IDHS DEFENDANT OFFICERS were employed by ILLINOIS DEPARTMENT OF HUMAN SERVICES and they acted as agents or directors, and in direct control over and implemented such as all and any directives or acts in color as, and in the auspices of, with the morals and values of dictating the principles and policies of the ILLINOIS DEPARTMENT OF HUMAN SERVICES.

9.      At the time of the alleged unlawful employment practices herein, ILLINOIS DEPARTMENT OF HUMAN SERVICES is and continues to be an employer within the meaning of 42 U.S.C. §2000e(b).

## **FACTS**

10.    On or about December 4, 2007, some or all of the SCHUYLER COUNTY DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.

11.    Some or all of the SCHUYLER COUNTY DEFENDANT OFFICERS seized, searched, and arrested the PLAINTIFF, notwithstanding the fact that the SCHUYLER COUNTY DEFENDANT OFFICERS did not have reason to believe that PLAINTIFF had comitted, was in the act of comitting, or was about to commit any act contray to the law of the State of Illinois.

12.    Specifically, on or about December 4, 2007, at approximately 2:20 p.m. and afterwards, while a passenger in a motor vehicle, some or all of the SCHUYLER COUNTY DEFENDANT OFFICERS, with malicious intent to harm PLAINTIFF, pulled over said vehicle, commanded PLAINTIFF to exit the vehicle, handcuffed PLAINTIFF, searched the PLAINTIFF and his surroundings, transported the PLAINTIFF to a holding facility, and again searched PLAINTIFF in a fashion designed to and for the purpose of humiliating him.

13.    This conduct by SCHUYLER COUNTY DEFENDANT OFFICERS was perfomed maliciously and because of PLAINTIFF'S race (African-American).

14.    This conduct by SCHUYLER COUNTY DEFENDANT OFFICERS was performed in cooperation with, with the knowledge of, and at the request of the IDHS DEFENDANT OFFICERS.

15.    This conduct violated the Fourth Amendment to the United States Constitution.

16.    On or about December 4, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the SCHUYLER COUNTY DEFENDANT OFFICERS.

17.    The show of force initiated by and/or the failure to intervene in the use of said force by the SCHUYLER COUNTY DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

18.    The SCHUYLER COUNTY DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

19.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the SCHUYLER COUNTY DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

20.    On or about December 4, 2007, the SCHUYLER COUNTY DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the COUNTY OF SCHUYLER.  The SCHUYLER COUNTY DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

21.    This action is being brought with regard to the individual capacity of the SCHUYLER COUNTY DEFENDANT OFFICERS.

22.    This action is also being brought with regard to the individual capacity and official capacity of SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER.

23.    Upon information and belief, SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER, on December 4, 2007, came into physical contact with PLAINTIFF.

24.    Upon information and belief, DEPUTY SHERIFF KONOSKI, on December 4, 2007, came into physical contact with PLAINTIFF.

25.    Upon information and belief, UNKNOWN SHERIFF DEPUTIES, on December 4, 2007, came into physical contact with PLAINTIFF.

26.    From at least December 6, 2006 until, at earliest, March 19, 2008, some or all of the IDHS DEFENDANT OFFICERS engaged in a practice in which they would generate false reports with respect to PLAINTIFF, generate false complaints with respect to PLAINTIFF, generate false allegations with respect to PLAINTIFF, deny promotions to PLAINTIFF, cause

PLAINTIFF to unjustly to suffer disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination.

27.    The above acts by the IDHS DEFENDANT OFFICERS were perfomed malaiciously and because of PLAINTIFF'S race (African American).

28.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the IDHS DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

29.    From at least December 6, 2006 until, at earliest, March 19, 2008, the IDHS DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed officers for the ILLINOIS DEPARTMENT OF HUMAN SERVICES.  The IDHS DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.

30.    The IDHS DEFENDANT OFFICERS, (STA IV JOE DORSEY, STA II JACOBSON, STA IV GALLAGER, STA IV KUNKEL,  STA II JESLIS, STA II CLAIRMONT, STA IV HAYS, PSA JOE HANKINS, DAVID KURFMAN, SPSA MC ADERY, SPSA SANDERS, PSA J. VOLK, INTERNAL AFFAIRS STAFF MR. CLAYTON, STA IV WILLIAMS, STA IV SCOTT, STA HOWARD, FACILITY DIRECTOR LARRY PHILLIPS, FACILITY DIRECTOR BRIAN THOMAS, FACILITY DIRECTOR THOMAS MONAHAN, DIRECTOR DR. FREEMAN, and UNKNOWN ILLINOIS DEPARTMENT OF HUMAN SERVICES OFFICERS) are each sued in their individual capacity.

31.    FACILITY DIRECTOR LARRY PHILLIPS, FACILITY DIRECTOR BRIAN THOMAS, FACILITY DIRECTOR THOMAS MONAHAN, and DIRECTOR DR. FREEMAN are also sued in their official capacity.

**CONSPIRACY**

32.    Some or all of the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS

DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in, *inter alia*, the following

manners:

     a.   agreeing to falsely arrest the PLAINTIFF;

     b.   using excessive force and/or failing to intervene in the use
        of excessive force against the PLAINTIFF;

     c.   agreeing not to report each other after witnessing and/or
        using excessive force relative to the PLAINTIFF;

     d.   agreeing not to report each other after falsely arresting
        PLAINTIFF;

     e.   agreeing to discriminate against PLAINTIFF on the basis
        of race and color;

     f.   generating false reports of misconduct attributable to
        PLAINITIFF;

     g.   generating false documentation to cover-up for their own
        and each other's misconduct; and

     h.   attempting to frame PLAINTIFF with criminal activity.

33.    In connection with the above conspiracy, the SCHUYLER COUNTY DEFENDANT

OFFICERS and IDHS DEFENDANT OFFICERS specifically engaged in communication on or

about December 4, 2007 and before, whereby the SCHUYLER COUNTY DEFENDANT

OFFICERS and IDHS DEFENDANT OFFICERS agreed to facilitate, engage in and support the

activity which occurred in connection with the allegations immediately above.  As a result of this

conspiracy, the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT

OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer

injury, suffer negative employment actions, incur financial loss and suffer physically, mentally, and emotionally.

## EQUAL PROTECTION

34.    The actions of the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS failed in their duty to treat PLAINTIFF equally and fairly under the law, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

35.    In connection with the Equal Protection Claim, PLAINTIFF is a member of a protected class (African-American) and was treated differently by the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS as a result.  The SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally generating false evidence against and criminally charging PLAINTIFF, specifically due to the status of PLAINTIFF as an African-American.

## *MONELL* ALLEGATIONS

36.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the COUNTY OF SCHUYLER to perform the following acts and/or omissions:

> a.    generate false documentation to cover-up for the misconduct of fellow police officers;

b.  engage in acts of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

c.  fail to properly discipline officers from said police department who have committed act(s) of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

d.  fail to properly investigate a complaint of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a COUNTY OF SCHUYLER police officer upon another;

e.  fail to take proper remedial action against a COUNTY OF SCHUYLER police officer once it is determined that an act of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f.  allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g.  fail to provide adequate sanctions/discipline to officers who commit false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the COUNTY OF SCHUYLER police department;

j.  fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the COUNTY OF SCHUYLER police department;

k.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the COUNTY OF SCHUYLER police department;

m.  fail to properly investigate officers who commit acts of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.  fail to take proper remedial action with officers who commit acts of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o.  fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, misrepresentation of facts, conspiaracy, racial profiling, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the COUNTY OF SCHUYLER police department.

37.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to

exist in the COUNTY OF SCHUYLER for a significant period of time, so much so, that police

officers for the COUNTY OF SCHUYLER recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the COUNTY OF SCHUYLER police department in order to permit said conduct to re-occur.

38.    A code of silence exists between officers of the COUNTY OF SCHUYLER.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

39.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the ILLINOIS DEPARTMENT OF HEALTH SERVICES to perform the following acts and/or omissions:

    a.    generate false documentation to cover-up for the misconduct of fellow officers and or employees;

    b.    engage in acts of, racial profiling, and cause disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race;

    c.    fail to properly discipline officers and employees who engage in acts of, racial profiling, and cause disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race;

    d.    fail to properly investigate a complaint of acts of, racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race;

    e.    fail to take proper remedial action against a ILLINOIS DEPARTMENT OF HEALTH SERVICE officer or employee once it is determined that an act of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race;

f.  allow misconduct to occur in various types and severity such that officers or employees believe that they can engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race without repercussions and/or significant repercussions;

g.  fail to provide adequate sanctions/discipline to officers or employees who commit acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions/discipline to officers or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, causing said officers or employees to believe that they can racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race;

i.  fail to provide adequate sanctions/discipline to officers or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, causing said officers or employees to believe that they can or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the ILLINOIS DEPARTMENT OF HEALTH SERVICES;

j.  fail to properly investigate officers or employees who or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, causing said officers to believe that they can engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the ILLINOIS DEPARTMENT OF HEALTH SERVICES;

k.  fail to take proper remedial measures to prevent and/or correct officers or employees who o engage in acts of racial profiling, and causation of disparate

treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, causing said officers to believe that they or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior;

l. fail to take proper remedial measures to prevent and/or correct officers or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, causing said officers to believe that they or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, which will cause them to not be disciplined or significantly disciplined for engaging in said behavior which violates the rules, policies and/or procedures of the ILLINOIS DEPARTMENT OF HEALTH SERVICES;

m. fail to properly investigate officers or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, such that a permissive atmosphere exists among officers or employees wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in said misconduct;

n. fail to take proper remedial action with officers or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race, such that a permissive atmosphere exists among officers or employees wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in said misconduct;

o. fail to provide proper training to prevent officers or employees who engage in acts of racial profiling, and causation of disparate treatment, disparate impact, and adverse employment action, including but not limited to reprimands, suspensions, and termination on the basis of race and violating the rules, policies and procedures of the ILLINOIS DEPARTMENT OF HEALTH SERVICES.

40.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to

exist in the ILLINOIS DEPARTMENT OF HEALTH SERVICES for a significant period of time,

so much so, that officers or employees for the ILLINOIS DEPARTMENT OF HEALTH

SERVICES recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the ILLINOIS DEPARTMENT OF HEALTH SERVICES in order to permit said conduct to re-occur.

41.    A code of silence exists between officers and employees of the ILLINOIS DEPARTMENT OF HEALTH SERVICES.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding officer and employee misconduct.

### COUNT I
### §1983 Excessive Force v. SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS

42.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

43.    The actions, and/or the failure to intervene in the actions, of the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF.  This conduct violates the Fourth Amendment of the United States Constitution.

44.    The aforementioned actions of the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

a.    WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFNDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Arrest v. SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS

45.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

46.    The actions of the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS

DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe

that PLAINTIFF committed criminal activity.  Therefore, the conduct of the SCHUYLER

COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS was in violation of

the Fourth Amendment to the United States Constitution.

47.    The aforementioned actions of the SCHUYLER COUNTY DEFENDANT OFFICERS

and IDHS DEFENDANT OFFICERS were the direct and proximate cause of the constitutional

violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER

COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also

demands punitive damages, costs and attorneys' fees against the SCHUYLER COUNTY

DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS also demands whatever

additional relief this Court deems equitable and just.

## COUNT III
## False Arrest – State Claim v. SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS

48.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

49.    The SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT

OFFICERS arrested or caused the arrest of PLAINTIFF without probable cause to believe that

PLAINTIFF committed criminal activity.  The conduct of the SCHUYLER COUNTY

DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS was in violation of the

Constitution to the State of Illinois as well as Illinois law.

50.    The aforementioned actions of the SCHUYLER COUNTY DEFENDANT OFFICERS

and IDHS DEFENDANT OFFICERS were the direct and proximate cause of the violations set

forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER

COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also

demands punitive damages and costs against the SCHUYLER COUNTY DEFENDANT

OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever

additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Claim v. SCHUYLER COUNTY DEFENDANT OFFICERS

51.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

52.    The SCHUYLER COUNTY DEFENDANT OFFICERS touched in a harmful and

unwanted manner the PLAINTIFF intentionally, without consent and without justification.

53.    The conduct of the SCHUYLER COUNTY DEFENDANT OFFICERS  was in violation

of Illinois Law.

54.    The aforementioned actions of the SCHUYLER COUNTY DEFENDANT OFFICERS

were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER

COUNTY DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs

against the SCHUYLER COUNTY DEFENDANT OFFICERS.  PLAINTIFF also demands

whatever additional relief this Court deems equitable and just.

## COUNT V
## § 1983 Conspiracy Claim v. SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS

55.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

56.    The aforementioned actions of the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
## Conspiracy Claim – State Law v. SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS

57.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

58.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
## § 1983 Unlawful Seizure of Property v.  IDHS DEFENDANT OFFICERS

59.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

60.    PLAINTIFF had a protected property interest in his employment.

61.    Said property interest was unlawfully seized by the IDHS DEFENDANT OFFICERS without legal justificaion.

62.    The aforementioned actions of the IDHS DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### § 1983 Equal Protection – Member of a Protected Class v. SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS

63.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

64.    The actions of SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

65.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the SCHUYLER COUNTY DEFENDANT OFFICERS and IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT IX**
**Title VII Claims of Intentional Racial Discrimination, Demotion and Discharge v. IDHS**
**DEFENDANT OFFICERS**

66.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

67.    The actions of IDHS DEFENDANT OFFICERS in reprimanding, suspending, demoting and discharging PLAINTIFF as alleged above constitutes a racially discriminatory and subsequent charge in violation of 42 U.S.C. §2000e 2(a) and (m).

28.    As a result of the unlawful conduct of the IDHS DEFENDANT OFFICERS, PLAINTIFF has suffered lost wages, humiliation, emotional distress, mental suffering, wrongful discharge for which he is entitled to reinstatement, compensatory damages, lost wages, and other benefits.

68.    The aforementioned actions of said IDHS DEFENDANT OFFICERS were the direct and proximate cause of the legal violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT X**
**42 U.S.C. §1981 Claim of Intentional Retaliation v. IDHS DEFENDANT OFFICERS**

69.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

70.    The IDHS Defendant OFFICERS' actions in reprimanding, suspending, demoting, and discharging Plaintiff as alleged above constitutes  intentional retaliatory demotion and discharge for opposing discriminatory practices and pursing rights created by Congress to enforce anti-discrimination laws in making and enjoying contractual rights in violation of 42 U.S.C. §1981.

71.     As a result of the unlawful conduct of IDHS DEFENDANT OFFICERS, PLAINTIFF has suffered lost wages, humiliation, emotional distress, mental suffering, wrongful discharge for which he is entitled to reinstatement, compensatory damages, lost wages, and other benefits.

72.     The IDHS DEFENDANT OFFICERS' conduct was intentional, malicious and in bad faith and done with reckless or callous indifference to PLAINTIFF'S federally protected rights. To deter such future conduct requires an award of punitive damages as allowed under 42 U.S.C. §1981.

73.     As a result of the unlawful conduct of the IDHS DEFENDANT OFFICERS, PLAINTIFF has suffered lost wages and humiliation and emotional distress and mental suffering for which he is entitled to reinstatement, compensatory damages, lost wages, and other benefits.

74.     The aforementioned actions of said IDHS DEFENDANT OFFICERS were the direct and proximate cause of the legal violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the IDHS DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT XI – *Monell* v. ILLINOIS DEPARTMENT OF HUMAN SERVICES

75.     PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

76.     As a direct and proximate result of the aforementioned acts and omissions by Defendant ILLINOIS DEPARTMENT OF HUMAN SERVICES there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the ILLINOIS DEPARTMENT OF HUMAN SERVICES in which officers were not held accountable for their wrongful and/or illegal acts.

77.     Said custom, practice, policy, and/or pattern of the ILLINOIS DEPARTMENT OF HUMAN SERVICESencouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the IDHS DEFENDANT OFFICERS.

78.     As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the ILLINOIS DEPARTMENT OF HUMAN SERVICES, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the ILLINOIS DEPARTMENT OF HUMAN SERVICES, costs and attorneys' fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT XII – *Monell* v. COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER  in his official capacity.

79.     PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

80.     As a direct and proximate result of the aforementioned acts and omissions by Defendant COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER in which officers were not held accountable for their wrongful and/or illegal acts.

81.     Said custom, practice, policy, and/or pattern of the COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the SCHUYLER COUNTY DEFENDANT OFFICERS.

82.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER, costs and attorneys' fees.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT XIII
### 745 ILCS 10/9-102 Claim v. COUNTY OF SCHUYLER  and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER in his official capacity.

83.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

84.    Defendant COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER is the employer of the SCHUYLER COUNTY DEFENDANT OFFICERS alleged above.

85.    The SCHUYLER COUNTY DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER.

WHEREFORE, should the SCHUYLER COUNTY DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the COUNTY OF SCHUYLER and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER pay PLAINTIFF any judgment obtained against the SCHUYLER COUNTY DEFENDANT OFFICERS as a result of this Complaint.

### COUNT XIV
### 745 ILCS 10/9-102 Claim v. ILLINOIS DEPARTMENT OF HUMAN SERVICES

86.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

87.    Defendant ILLINOIS DEPARTMENT OF HUMAN SERVICES is the employer of the IDHS DEFENDANT OFFICERS alleged above.

88.    The IDHS DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the ILLINOIS DEPARTMENT OF HUMAN SERVICES.

WHEREFORE, should the IDHS DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the ILLINOIS DEPARTMENT OF HUMAN SERVICES pay PLAINTIFF any judgment obtained against the IDHS DEFENDANT OFFICERS as a result of this Complaint.

### COUNT XV
### Supplementary Claim for *Respondeat Superior* v. COUNTY OF SCHUYLER  and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER in his official capacity.

89.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

90.    The aforesaid acts of the SCHUYLER COUNTY DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant COUNTY OF SCHUYLER  and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the COUNTY OF SCHUYLER  and SHERIFF OF SCHUYLER COUNTY DON L. SCHIEFERRDECKER and such other additional relief, as this Court deems equitable and just.

### COUNT XV
### Supplementary Claim for *Respondeat Superior* v. ILLINOIS DEPARTMENT OF HUMAN SERVICES

91.    PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

92.    The aforesaid acts of the IDHS DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant ILLINOIS DEPARTMENT OF HUMAN SERVICES, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the IDHS DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the ILLINOIS DEPARTMENT OF HUMAN SERVICES and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

93.    Plaintiff demands trial by jury.

Respectfully submitted,


s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076